# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **Scarlet Summer Gillian,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Civil Action No.___-_____ |
| | ) |
| **Cowabunga, Inc. and Kristopher Clemens,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343(4). This is a suit in equity authorized and instituted pursuant to Title VII of the "Civil Rights Act of 1964" as amended by the "Civil Rights Act of 1991," 42 U.S.C. Section 2000e *et seq* providing injunctive and other relief against sexual harassment or sexual discrimination in employment, the Equal Pay act and the Fair Labor Standards Act.

2. Plaintiff, Summer Gillian, has fulfilled all conditions precedent to institution of this suit under the "Civil Rights Act of 1964" as amended by the "Civil Rights Act of 1991." Plaintiff filed her charge of discrimination within 180 days of the last discriminatory act. *See Exhibit #1 – EEOC Charge of Discrimination.* The Plaintiff received a right to sue letter from the EEOC, following timely filing of her claim of discrimination. See Exhibit #2 – EEOC Right to Sue Letter. Plaintiff has filed this complaint within 90 days of the notification of her right to sue by the EEOC.

### II. PARTIES

3. Plaintiff, Summer Gillian (hereinafter "Summer"), is a female citizen of the United States and a resident of Jefferson County, Alabama. Plaintiff was employed by the defendant at all relevant times until she was retaliated against by the Defendant by being constructively discharged in September 2016 when Cowabunga, Inc. ceased scheduling her to work.

4.  Defendant, Cowabunga, Inc. (hereinafter "Cowabunga") is a Georgia corporation "Domino's Franchise" registered to do business in Alabama, did business in Jefferson County at all times relevant to this lawsuit has and is subject to the "Civil Rights Act of 1964."

5.  Defendant Kristopher Clemens (hereinafter "Clemens") is an adult male citizen of the United States and was a co-employee of Summer.

### III. STATEMENT OF PLAINTIFF'S CLAIMS

6.  Plaintiff alleges and incorporates the preceding paragraphs by reference with the same force and effect as if fully set forth in detail herein below.

7.  Plaintiff was employed by defendant during all pertinent and relevant times set out herein until September 2016

8.  The Plaintiff had been a previous employee of Cowabunga and returned to work as an employee on May 4th, 2016.

9.  When Summer started back for Cowabunga, she was working in the Trussville store on Main Street.

10. Within two weeks, she became the acting general manager.

11. Summer's responsibilities included making the schedules, ordering our products, working off the clock until four am in the morning detail cleaning, completing paperwork, replying to and sending emails, and other managerial responsibilities for which the Plaintiff was not paid overtime.

12. Although Summer had the responsibilities of a manager, she was only being paid $10.00 per hour.

13. Based upon information and belief, other Cowabunga male managers were receiving substantially more money.

14. The Plaintiff had some issues with some of the assistant managers who were threatening her so she complained to the regional manager, Chris Daughtrey.

15. The employees were transferred and new assistant mangers were brought in to the Trussville location. One of the new assistant managers, Kristopher Clemens, started causing problems

immediately with his work ethic, and as it relates to this matter, by make sexual comments to the Plaintiff.

16. Clemens made sexual comments to the Plaintiff stating "everyone is flat chested compared to me," "if I wasn't sucking him off then I didn't have a say so in what he does," saying "that we need to go out for drinks, get drunk and get together and more crude and dirty sexual things."

17. The Plaintiff reported his comments and behavior to Chris Daughtrey but nothing was ever done and Clemens continued making vulgar and crude sexual comments.

18. The sexual harassment escalated on July 28th when the Plaintiff had gotten sick and needed to go home.

19. While the Plaintiff was sitting in her car, her closing manager at the time, Michael Moore, pulled up.

20. The Plaintiff rolled down her passenger window to talk to Moore.

21. At the same time, Clemens was by the Plaintiff's driver side window and Moore by my passenger side window.

22. As the Plaintiff was talking to Moore, she told him what needed to be done that night and that if he had a problem, he should call her.

23. Moore then asked the Plaintiff where she was going.

24. The Plaintiff told him she was sick and headed home.

25. Moore was joking with her and said that the Plaintiff wasn't allowed to go home and playfully grabbed her left arm.

26. At this point, Clemens reached into the driver side window and grabbed the Plaintiff's breast.

27. He also stated that this would make the Plaintiff feel better.

28. The Plaintiff became livid at his actions and his comment so she rolled up her window and said it was time for her to get home.

29. The Plaintiff then filed a written complaint *(see attached Exhibit #3)* with Daughtrey, the regional manager.

30. He scanned the Plaintiff's write up and the Plaintiff told him that she wanted Clemens transferred due to the fact that the Plaintiff was not comfortable working with him.
31. Two days later, the Plaintiff came in to work and found out that Daughtrey had given her position to a manager from another store.
32. The Plaintiff was also told she would be working in Leeds three days a week and Trussville two days.
33. Clemens started back working on the same shifts as the Plaintiff and she would be left alone in the store with him.
34. The Plaintiff filed a police report for harassment and Clemens was arrested.
35. He made bail and, according to Clemens, Daughtrey told him not to worry about it, that he (Daughtrey) had his back and that Daughtrey would let the judge know that Cowabunga dropped my case.
36. The Plaintiff was never contacted by anybody from the company and her complaint was never investigated by Cowabunga.
37. Chris Daughtery told the Plaintiff that they would look into it but the Plaintiff's witness, Michael Moore, was never questioned.
38. Therefore, the Plaintiff then sent an email to the vice president, Charlie Perry, and to head of HR, Rebecca Strange, and asked them if they had any news on her complaint of sexual harassment.
39. The Plaintiff never received a reply.
40. Rather than investigating the Plaintiff's complaints, her employer began investigating her for allegedly stealing pizzas.
41. A few days after the Plaintiff wrote the statement which she gave to the regional manager, two of my drivers, Ron Asiari, and Clyde Hupp, came to her and handed her the original statement that she had given to the regional manager.
42. They told the Plaintiff that her statement had been sitting on the paper towel dispenser for a while now.

43. Based on the above, the Plaintiff has been discriminated against based on her sex (pay issues) and placed in a hostile work environment due to the actions of co-employees as well as the inactions of my regional manager and upper level management.

44. The Plaintiff was also retaliated against by the Defendant for making a sexual harassment complaint.

45. The Plaintiff lost her position as acting general manager and the Plaintiff was transferred rather than Clemens being fired or transferred.

46. In addition, the Plaintiff's hours were cut. The Plaintiff went from 50-60 hours a week to 25-34 hours a week.

47. The Plaintiff's hours were further cut and to only working one day a week.

48. Finally, the Plaintiff was taken off the schedule completely in September 2016 and her final paycheck was in September 2016.

49. At the same time, the co-employee that sexually assaulted the Plaintiff was getting 40-60 hours a week.

50. The Plaintiff still has not been advised that she has been terminated and she never resigned or quit. However, because she has never been scheduled to work again, she has been constructively discharged.

## COUNT I: SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHT ACT OF 1964

51. The plaintiff hereby restates, realleges and incorporates by reference the allegations set forth above.

52. Defendant has discriminated against the Plaintiff on the basis of her sex in violation of Title VII in failing to take proper steps to insure that the Plaintiff was not discriminated against and placed in a hostile work environment or received disparate treatment on the basis of her sex.

53. The Plaintiff was discriminated against as set out in the statement of facts.

54. Plaintiff has no plain, adequate or complete remedy at law, and this suit for back pay, injunctive relief, and declaratory judgment is her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II: EQUAL PAY ACT

55. The plaintiff hereby restates, realleges and incorporates by reference the allegations set forth above.

56. The Defendant has violated the Equal Pay Act by paying the Plaintiff $10 per hour and much less than similarly situated male managers.

57. Plaintiff has no plain, adequate or complete remedy at law, and this suit for back pay, injunctive relief, and declaratory judgment is her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT III: FAIR LABOR STANDARDS ACT

58. The plaintiff hereby restates, realleges and incorporates by reference the allegations set forth above.

59. The Plaintiff worked hours in excess of forty hours per week for which she was not paid overtime or at all.

60. The Defendant willfully failed and/or refused to pay the Plaintiff overtime pay.

61. The Defendant's action violated the FLSA.

## COUNT IV: RETALIATION

62. The plaintiff hereby restates, realleges and incorporates by reference the allegations set forth above

63. After the Plaintiff reported the sexual harassment to her employer the Plaintiff was retaliated against by the employer as set out above in the statement of facts:

64. Plaintiff has no plain, adequate or complete remedy at law, and this suit for back pay, injunctive relief, and declaratory judgment is her only means of securing adequate relief.  Plaintiff is now

suffering and will continue to suffer irreparable injury from defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT V: ASSAULT AND BATTERY

65. The plaintiff hereby restates, realleges and incorporates by reference the allegations set forth in the above paragraphs.

66. The plaintiff brings this claim pursuant to the common law of Alabama and the claim arises out of the same facts and incidents which are the subject of the Plaintiff' claims based on Federal Law and are within the supplemental jurisdiction of this Court.

67. The defendant, Kristopher Keller, on more than one occasion, intentionally and/or recklessly, touched the plaintiff or threatened to touch the plaintiff, in a manner which was harmful or offensive.

68. The plaintiff was humiliated and degraded as a result of the defendant's harmful conduct.

69. The plaintiff has suffered emotional distress and mental anguish as a proximate cause of the defendant's conduct.

## COUNT VI: NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION

70. The plaintiff hereby restates, realleges and incorporates by reference the allegations set forth above as if fully set out herein.

71. Cowabunga had a duty to hire, supervise, and train its employees and/or managers in the proper manner of dealing, on a day to day basis, with employees, in a non-harassing or discriminating fashion.

72. Cowabunga was aware of defendant Keller's conduct prior to his transfer to the location at which the incidents made the basis of this lawsuit occurred.

73. The defendant, Cowabunga, negligently and/or wantonly breached the duty owed to the plaintiff in failing to take the appropriate steps to safeguard the plaintiff from harassing and/or discriminatory behavior, from preventing sexual assaults, failing to properly train Keller in proper conduct with employees, and failed to properly supervise Keller to assure that Keller would not act in a harassing, sexual assaulting and/or discriminatory fashion.

74. The plaintiff has been injured and damaged as a proximate result of the aforementioned breach.

## COUNT VII: INVASION OF PRIVACY

75. The plaintiff hereby restates, realleges and incorporates by reference the allegations set forth above.

76. Defendant Keller, through his speech, questions and/or actions intentionally intruded upon the solititude and seclusion of the Plaintiff's private affairs and concerns.

77. The intrusions committed by Defendant Keller were highly offensive and objectionable to the Plaintiff and would have been highly offensive to a reasonable person.

78. The Plaintiff has been damaged as a result of Defendant Keller's invasion of privacy.

## COUNT VIII: ASSAULT AND BATTERY

79. The plaintiff hereby restates, realleges and incorporates by reference the allegations set forth above.

80. Defendant Keller touched the Plaintiff's breast---- in a sexual, rude and hostile manner.

81. Defendant Keller's unlawful offer to touch the Plaintiff created in the Plaintiff a fear of battery.

82. Defendant Keller, by his conduct, actions, statements and demeanor, intended to make the Plaintiff apprehensive about his advances.

83. Defendant Keller, at the time he made an offer to touch the Plaintiff, had the apparent ability to effectuate his attempt if Plaintiff did not prevent Defendant from doing so.

84. Defendant Keller's actions and words were harmful and offensive to the Plaintiff and would be considered harmful and offensive to a reasonable person.

85. The Plaintiff has been damaged as a result of Defendant Keller's conduct.

## COUNT IX: RESPONDEAT SUPERIOR / VICARIOUS LIABILITY

3. The plaintiff hereby restates, realleges and incorporates by reference the allegations set forth above.

4. Defendant Cowabunga is vicariously liable for the actions of its employee, Defendant Keller.

5. When Defendant Keller sexually assaulted, harassed, invaded the privacy, assaulted and battered the Plaintiff, he was working within the line and scope of his employment.

6. The acts committed by Defendant Keller were committed in the furtherance of the business of Defendant Cowabunga.

7. Defendant Cowabunga participated in, authorized and/or ratified the wrongful acts of Defendant Keller.

8. Defendant Cowabunga adopted or implicitly approved of the behavior of Defendant Keller.

9. Defendant Cowabunga had actual knowledge of the tortious conduct of Defendant Keller and that the tortious conduct was directed and visited upon the Plaintiff.

10. Based upon this knowledge, Defendant Cowabunga knew, or should have known, that Defendant Keller's conduct constituted sexual harassment and/or a continuing tort.

11. Defendant Cowabunga failed to take adequate steps to remedy the situation.

12. As a result of the conduct and omissions of Defendant Cowabunga, the Plaintiff has been damaged.

## IV. PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that the Court assume jurisdiction of this action and award the Plaintiff the following relief:

A. Enter a declaratory judgment that defendant's acts, policies, practices and procedures as described herein have violated and continue to violate the rights of Plaintiff as secured by Title VII of the "Civil Rights Act of 1964" as amended, the Equal Pay Act and the Fair Labor Standards Act;

B. Grant Plaintiff a permanent injunction enjoining defendants, its agents, successors, employees, attorneys and those acting with defendant or at the defendant's request from violating Title VII of the "Civil Rights Act of 1964" as amended, the Equal Pay Act and the Fair Labor Standards Act;

C. Grant plaintiff an order requiring defendant to make her whole by requiring the defendant to reinstate the plaintiff to the plaintiff's former job position, by granting appropriate declaratory relief, back pay, lost seniority, lost fringe benefits, liquidated damages, punitive damages, consequential damages. attorney's fees, expenses, costs, compensatory damages (including but not limited to damages for mental anguish), and pre-judgment interest; and

D. Grant the plaintiff compensatory and punitive damages for any and all state law claims;

E. Plaintiff prays for such other, further, different or additional relief which justice may require or to which Plaintiff is entitled to under law and equity.

**Plaintiff demands a trial by a struck jury**

Respectfully submitted,

/s/ Scott Harwell
Scott Harwell (HAR198)

**HARWELL LAW FIRM LLC**
109 Foothills Parkway #112
Chelsea, AL 35043
(205) 999-1099 Mobile
(205) 980-1445 Direct Line
Scott@HarwellLaw.com